IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAFAR AFSHAR,

     Plaintiff,                      No. CIV S-04-1088 LKK JFM

     vs.

CITY OF SACRAMENTO, et al.,

     Defendants.            ORDER

_____/

       By order filed July 15, 2005, plaintiff's May 17, 2005 motion to compel was continued to Thursday, August 4, 2005, so counsel could meet and confer and file a joint stipulation that complied with Local Rule 37-251.

       On July 15, 2005, plaintiff filed a request for order shortening time, asking that the motion be advanced to the July 21, 2005 calendar.[1]  Plaintiff also sought to advance his concurrently-filed cross-motion to compel the depositions of defendant County of Sacramento, Sheriff's Department; Defendant Blanas; and Deputy Spaid and to require the County of Sacramento Sheriff's Department to produce documents that were requested in the deposition notices.

---

[1] Although the filing is entitled "ex parte," counsel for plaintiff served his filing on opposing counsel and provided the court with a certificate of service.

1

Initially, the court notes that plaintiff's request for order shortening time does not meet the requirements for a request for order shortening time. Local Rule 6-142(e).

Plaintiff objects to the delay of his May 17 motion to compel, stating that the previously-filed joint stipulations

> are almost identical, except maybe some modified arguments, and that there will be no change in the position of the parties as the Defendant is standing by what is remaining in both the stipulations. Additional meet and confer will not produce anymore supplemental discovery responses. I can go back and refile the stipulation because my position has not changed, and neither will Defendants.

(Pl.'s July 15, 2005 Request at 4.)

Local Rule 37-251(b) provides:

> a motion made pursuant to Fed. R. Civ. P. 26 through 37, including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a joint statement re discovery disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel.

Id.

It is apparent from the record that counsel are having difficulty coping with the impending discovery cut-off date, which is presently set for September 4, 2005. However, contrary to plaintiff's statement that "[t]he Pre-Trial order came out April 6, 2005, which was the date discovery could commence" (Pl.'s July 15, 2005 Motion at 4), the parties' joint status report stated "compliance with FRCP 26(a) will be accomplished on or before October 1, 2004." (Joint Status Report, filed August 20, 2004, at 2.) The district court initially set a discovery deadline of April 30, 2005, which was extended to September 4, 2005, due to Mr. Gorski's substitution as counsel for plaintiff. Whether the short extension of the discovery deadline was based on

1  plaintiff's first counsel's failure to timely pursue discovery or not, plaintiff must adhere to the
2  deadline or seek leave from the district court to obtain a second extension.  This case was filed
3  June 7, 2004, and the parties are entitled to a timely resolution of these allegations.

4  　　　　　By the same token, defendants may not drag their feet and obstruct plaintiff's
5  efforts to obtain discovery prior to the deadline.

6  　　　　　It is clear from the record that counsel are not taking seriously the "meet and
7  confer" obligation required by Local Rule 37-251.  Meet and confer does not mean sending
8  letters or e-mails or merely recounting the position of both sides in a written document submitted
9  to the court.  The "meet and confer" language requires that counsel get together in a room and
10 discuss the outstanding discovery; stipulate to those matters that can be resolved, and place in the
11 joint stipulation only those matters to which resolution cannot be obtained.  Such effort must be
12 undertaken in good faith.

13 　　　　　A review of the "identical" joint stipulations submitted by plaintiff on June 28 and
14 29, 2005, and the declarations accompanying them, will reflect that counsel did not comply with
15 these "meet and confer" requirements.  Should plaintiff choose to simply re-file the previously
16 submitted joint stipulation, he will be subject to the imposition of sanctions for failing to comply
17 with this court's prior orders and the Local Rules.

18 　　　　　As to plaintiff's motion to compel the depositions of the Sacramento County
19 Sheriff's Department and Lou Blanas, plaintiff may address his position in his opposition to
20 defendants' motion for protective order as to these depositions, presently calendared for hearing
21 on August 4, 2005.  Counsel will be required to meet and confer in good faith as to these
22 depositions as well.  It is not necessary to file a separate motion concerning these depositions and
23 their attendant document requests.

24 　　　　　Plaintiff contends that he duly noticed Deputy Spaid's deposition for July 6, 2005,
25 and neither counsel nor Deputy Spaid appeared for that deposition.  Defendants did not include
26 in their motion for protective order the deposition of Deputy Spaid.  However, judicial economy

would dictate hearing plaintiff's motion to compel Deputy Spaid's deposition at the same time defendants' motion for protective order as to the other depositions is heard.  Thus, if counsel stipulate to hearing plaintiff's motion to compel Deputy Spaid's deposition at the August 4, 2005 hearing, the court will also hear argument on this motion.  Otherwise, plaintiff must re-notice the motion to compel Deputy Spaid's deposition.

Finally, given the acrimony developing in this case, as well as the impending discovery deadline, counsel shall be prepared to address all pending discovery at the August 4, 2005 hearing.  Fed. R. Civ. P. 26(f).

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to shorten time is denied.

2. Counsel are directed to meet and confer, in good faith, pursuant to Local Rule 37-251, by getting together in a room, and discussing plaintiff's May 17, 2005 motion to overrule objections and compel further responses, as early and as many times as is necessary to timely file the revised joint stipulation required by Local Rule 37-251 and this court's prior orders.

3. No later than Friday, July 29, 2005, counsel shall file a joint stipulation pursuant to Local Rule 37-251 as to plaintiff's May 17, 2005 motion.

4. Counsel are also directed to meet and confer, as defined above, concerning defendants' June 30, 2005 motion for protective order.

5. No later than Friday, July 29, 2005, counsel shall file a joint stipulation pursuant to Local Rule 37-251 as to defendants' June 30, 2005 motion for protective order.

6. Hearing on plaintiff's May 17, 2005 motion to compel and defendants' June 30, 2005 motion for protective order is confirmed for hearing on Thursday, August 4, 2005, at 11:00 a.m. before the undersigned.

/////

/////

1        7. This matter is also set for discovery conference pursuant to Fed. R. Civ. P.
2  26(f) at 11:00 a.m. on August 4, 2005.
3  DATED: July 20, 2005.

                                      UNITED STATES MAGISTRATE JUDGE

8  /001; afshar.ost