IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAFAR AFSHAR,

    Plaintiff,                   No. CIV S-04-1088 LKK JFM

  vs.

CITY OF SACRAMENTO, et al.,

    Defendants.             <u>ORDER</u>

_____/

        On May 17, 2005 plaintiff filed a motion to compel further responses to discovery and overrule objections. On June 20, 2005, counsel filed a joint motion to compel and overrule objections to interrogatories and requests for production of documents. On June 30, 2005, defendants filed a motion for protective order. On July 15, 2005, plaintiff filed a cross-motion to compel depositions. By order filed July 20, 2005, hearing on these motions was confirmed, and the matter was scheduled for a discovery conference pursuant to Fed. R. Civ. P. 26(f).

        The above discovery motions came on regularly for hearing August 4, 2005. Gary W. Gorski appeared for plaintiff. Robert L. Chalfant and Jenny Rim appeared for County defendants. Upon review of the motions and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

1

This order is issued under the auspices of a discovery conference conducted pursuant to Fed. R. Civ. P. 26(f) and in light of the limited amount of time remaining in the discovery period prior to the September 4, 2005 discovery deadline.

1. With regard to interrogatory No. 4, defendants have agreed to provide five years' worth of disposition sheets relating to excessive force claims at the Sacramento County Main Jail, and represent that those documents are in the mail. By 4:00 p.m. on Monday, August 8, 2005, Mr. Gorski shall notify the court whether he has received the documents defendants represent are in the mail to Mr. Gorski. Mr. Gorski shall first make a diligent search of his office. Mr. Gorski shall file his notice electronically prior to 4:00 p.m. on Monday, August 8, 2005. Plaintiff's motion to compel further responses are denied. Plaintiff's motion to compel further responses to Requests for Production Nos. 10, 12 and 14 are denied.

2. Concerning the request for access to the raw footage of videotape of the Main Jail pat-down area, Request for Production No. 1, defendants shall allow plaintiff's attorney or his designee, upon his request, to view the raw video footage for the periods of two hours prior to and four hours after the arrival of plaintiff. Plaintiff's counsel may request copies of any portions of these videotapes he wishes. The request to review the raw video footage shall be made by the close of business on August 10 and the viewing will be completed by August 19, 2005. Defendants shall provide copies to plaintiff at their cost. Any tapes so produced shall be used solely for this litigation and shall be returned to defendants upon completion of this litigation. Completion of this litigation includes final resolution in this court and on appeal.

3. As to Request for Production No. 22, the court finds that the two page memorandum dated September 6, 2001 retained from the Michael Hay Internal Investigations file is subject to the attorney/client privilege and need not be disclosed to plaintiff. Counsel for defendants are directed to retain and identify this memorandum in their files so the document can be produced if ordered by another court. Counsel shall note on the document that the document was found to be subject to attorney/client privilege and the date of such finding.

1           4.  Request for Production No. 23 is not intelligible.  The motion to compel
2  further response is denied.
3           5.  The motion to compel responses to Requests for Production Nos. 27 and 28 is
4  denied.
5           6.  The information sought in Request for Production Nos. 30 and 31 should be
6  available in the excessive force disposition sheets; the motion to compel further production is
7  denied.
8           7.  Request for Production No. 32 is not intelligible.  The motion to compel
9  further response is denied.
10          8.  In all other respects, plaintiff's May 17, 2005 and June 20, 2005 motion to
11 compel further responses to discovery and overrule objections is denied.
12          9.  The PMK Deposition Request No. 20 is denied; the PMK Deposition Request
13 No. 21 is not intelligible and is denied.
14          10.  PMK depositions will be conducted August 10, 2005 and will cover PMK
15 requests 1-19, 25, 65, 66, 77-81, and 84-85.  No further deposition shall be taken in this case
16 without leave of court.  If further deposition is considered necessary, counsel shall meet and
17 confer and file a joint statement signed by the attorneys for both sides.  The joint written
18 statement shall state what further deposition is desired, the subject matter of the deposition and
19 the respective positions of each party regarding that deposition.  Upon receipt of the joint
20 statement, the court will either issue an order granting or denying the request or will set the
21 matter for hearing on shortened time.
22          11.  In all other respects, plaintiff's July 15, 2005 cross-motion to compel
23 depositions or require other areas of inquiry for the PMK depositions is denied.
24          12.  Defendants' June 30, 2005 motion for protective order as to the deposition of
25 Sacramento County Sheriff Lou Blanas is granted; the deposition of Sheriff Blanas shall not
26 occur absent further order of court.

13. All motions for expenses and/or sanctions are denied.

14. Defendants shall provide a verification form for their initial and supplemental responses to discovery where none have previously been provided.

DATED: August 5, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

/001; afshar.mtc2