1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAFAR AFSHAR,
                                              NO. CIV. S-04-1088 LKK/JFM
11          Plaintiff,

12      v.
                                                     O R D E R
13   CITY OF SACRAMENTO; SACRAMENTO
     POLICE DEPARTMENT; COUNTY OF
14   SACRAMENTO; SACRAMENTO COUNTY
     SHERIFF'S DEPARTMENT; and SHERIFF
15   LOU BLANAS, individually and in his
     official capacity as Sheriff of the
16   Sacramento County Sheriff's Department,

17          Defendants.
     _____/
18

19          Pending before the court is plaintiff's motion to amend the

20   scheduling order and complaint.  Plaintiff seeks to amend the

21   complaint by substituting a named defendant, Deputy Sheriff Brett

22   Spaid, for a "DOE" defendant listed in the original complaint.[1]

23   ////

24   _____

25          [1] Plaintiff also sought to omit as party defendants the City
     of Sacramento and the Sacramento Police Department.  Pursuant to
     this court's last order, however, the City of Sacramento and the
26   Sacramento Police Department were dismissed as defendants.

                                     1

1   As I explain below, plaintiff's motion to amend must be denied.

2                                   **I.**

3                               **BACKGROUND**

4   **A.___ALLEGATIONS CONTAINED IN COMPLAINT**

5       On June 7, 2003 plaintiff was arrested and booked in the

6   Sacramento County Main Jail for public intoxication.  While being

7   booked, deputies and/or police officers allegedly threw plaintiff

8   against a wall.  Plaintiff avers that he suffered a severe cut to

9   his head, and that he bled profusely and lost consciousness.

10  Plaintiff received some medical care from jail personnel and was

11  released the next day.  The complaint states that upon being

12  released, plaintiff went to the Veteran's Administration Hospital

13  where tests confirmed that he suffered from a concussion.

14  **B.   PROCEDURAL HISTORY**

15      Plaintiff filed his first complaint on June 7, 2004.  The

16  complaint named as defendants the City of Sacramento, the

17  Sacramento Police Department, the County of Sacramento, the

18  Sacramento County Sheriff's Department, Sheriff Lou Blanas, and

19  DOES I through XXX.  The complaint asserted nine claims of relief:

20  (1) violation of equal protection; (2) violation of substantive due

21  process; (3) false arrest/excessive force pursuant to section 1983;

22  (4) entity/supervisory liability; (5) negligent hiring, training,

23  supervision and retention; (6) negligence; (7) assault, battery and

24  conspiracy; (8) negligent infliction of emotional distress; and (9)

25  intentional infliction of emotional distress.

26  ////

                                    2

1     Over the summer of 2005, the parties engaged in discovery.

2 On September 26, 2005, defendants filed a motion for summary

3 judgment.   Plaintiff failed to file an opposition, and the court

4 issued an order to show cause.   On October 24, 2005, plaintiff

5 filed the pending motion to amend as well as an opposition to

6 defendant's motion for summary judgement and a cross-motion for

7 summary judgment.   The proposed amended complaint raises three

8 claims: (1) an excessive force claim against Deputy Spaid; (2)

9 Monell liability under 1983 against the Sacramento County Sheriff's

10 Department; (3) negligence claim against the County.

11 **III.**

12 **RULE 16(b) STANDARDS**

13     Because the court has filed a pretrial scheduling order

14 Federal Rule of Civil Procedure 16 governs the procedure for

15 amending the pleadings.   Unlike Rule 15(a)'s liberal amendment

16 policy which focuses on the bad faith of the party seeking to

17 interpose an amendment and the prejudice to the opposing party,

18 Rule 16(b)'s "good cause" standard primarily considers the

19 diligence of the party seeking the amendment.   Johnson v. Mammoth

20 Recreations, Inc., 975 F.3d 604 (9th Cir. 1992); see 6A Wright,

21 Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d

22 ed. 1990) ("good cause" means scheduling deadlines cannot be met

23 despite party's diligence).

24     Moreover, carelessness is not compatible with a finding of

25 diligence and offers no reason for a grant of relief.   Cf. Engleson

26 v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043 (9th Cir.

3

1   1992) (carelessness not a ground for relief under Rule 60(b));

2   Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th

3   Cir. 1971) (same), cert. denied, 405 U.S. 974 (1972).  Although the

4   existence or degree of prejudice to the party opposing the

5   modification might supply additional reasons to deny a motion, the

6   focus of the inquiry is upon the moving party's reasons for seeking

7   modification.  See Gestetner Corp. v. Case Equip. Co., 108 F.R.D.

8   138, 141 (D.Me. 1985).  If the moving party was not diligent, the

9   inquiry should end.

10                                **IV.**

11                             **ANALYSIS**

12  **A.   DILIGENCE**

13       It is evident that plaintiff knew Deputy Spaid's name as early

14  as May of 2005.  As defendants point out, in May of 2005,

15  plaintiff's counsel sent defendants a letter stating that he

16  planned to amend the complaint to add Deputy Spaid as a defendant,

17  along with several other officers.  See Def.'s Opp'n to Mot. to

18  Amend, Decl. of Robert Chalfant, Ex. D.  Plaintiff's counsel did

19  not file the motion to amend until late October of 2005, almost

20  five months after he sent the letter.  The evidence tendered

21  demonstrates that plaintiff was not diligent.

22       Moreover, even if the court were to accept plaintiff's

23  contention that plaintiff did not know of Spaid's identity and

24  level of involvement until the end of July 2005, there was no

25  reason why plaintiff could not have filed the motion to amend soon

26  thereafter.  Instead, plaintiff's counsel waited to file the motion

                                   4

1  to amend until after defendants filed their motion for summary

2  judgment and after plaintiff had been sanctioned for failing to

3  oppose the defendants' motion for summary judgement.

4  　　Plaintiff argues that using the "doe" designation in an

5  original complaint allows a party to later amend the complaint to

6  name real defendants. <u>See</u> Pl.'s Repl. to Def.'s Opp'n at 1:28.  The

7  court notes that plaintiff's strategy of naming "doe" defendants

8  in the original complaint was not improper.  It is well-established

9  that plaintiffs may use the "doe" designation when they do not know

10  the names of certain defendants.  <u>See</u> <u>Gillespie v. Civiletti</u>, 629

11  F.2d 637 9th Cir. (9th Cir. 1980) (where identity of alleged

12  defendants is not known prior to filing of complaint plaintiff

13  should be given an opportunity through discovery to identify the

14  unknown defendant, district court erred when it dismissed the

15  complaint before discovery commenced).

16  　　That said, amending the complaint to substitute the real names

17  must be done within a reasonable time.  In the context of amending

18  a complaint to add a new claim, the Ninth Circuit has held that a

19  trial court did not abuse its discretion in denying plaintiff's

20  motion to amend after discovery was virtually complete and

21  defendant's motion for summary judgment was pending before the

22  court. <u>Roberts v. Arizona Bd. of Regents</u>, 661 F.2d 796 (9th Cir.

23  1981).[2]   In the instant case, plaintiff's counsel knew of Deputy

24

25  　　　　[2]   Other district courts have specifically stated that
amending the complaint to substitute real named defendants for

26  "doe" defendants must be done as soon their identity is known, or
reasonably should have been known or, in any event, before close

1  Spaid's identity as early at May of 2005, and yet, the motion to

2  amend was not filed until October of the same year.  For these

3  reasons, the court finds that plaintiff was not diligent.

4  **B.    PREJUDICE**

5       The existence or degree of prejudice to the defendant may

6  supply additional reasons to deny a motion to amend under Rule 16.

7  Johnson, 975 F.2d at 609.

8       In the case at bar, discovery is closed and defendants have

9  already filed a motion for summary judgement.  Should the court

10 grant the motion to amend, discovery would need to be reopened and

11 defendants would need to re-file their motion for summary

12 judgment.  The court finds good reason to believe that defendants

13 would be prejudiced if discovery were reopened at this stage of the

14 litigation.

15      Accordingly, the court hereby ORDERS as follows:

16      1.  Plaintiff's motion to amend is DENIED.

17      2.  Defendants' motion for summary judgment, as well as

18 plaintiff's cross-motion for summary judgment, are scheduled to be

19 heard on February 27, 2006, on the court's Law and Motion Calendar

20 at 10:00 a.m. in Courtroom No. 4.  Defendant's opposition to

21 ////

22 ////

23 ////

24 _____

25 of discovery. See Rodriguez v. City of Passaic, 730 F.Supp. 1314
   (D.N.J. 1990); Collett v. Socialist Peoples' Libyan Arab

26 Jamahiriya, 362 F.Supp.2d 230 (D.D.C. 2005).

1    plaintiff's cross-motion shall be filed not later than February 6,

2    2006.

3         IT IS SO ORDERED.

4         DATED:  December 16, 2005.

5                                    /s/Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
6                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26