UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAFAR AFSHAR,

        Plaintiff,

    v.

CITY OF SACRAMENTO; SACRAMENTO
POLICE DEPARTMENT; COUNTY OF
SACRAMENTO; SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT; and SHERIFF
LOU BLANAS, individually and in his
official capacity as Sheriff of the
Sacramento County Sheriff's Department,

        Defendants.

_____/

NO. CIV. S-04-1088 LKK/JFM

O R D E R

    Plaintiff brings suit pursuant to 42 U.S.C § 1983, alleging that he was assaulted by officers while in custody at the Sacramento County Jail.  The named defendants are Sherif Lou Blanas, the County of Sacramento and the County Sheriff's Department.[1]  Although plaintiff's complaint alleged nine causes

////

---

    [1] In an earlier order, the court denied plaintiff's motion to amend to add as a defendant the individual officer involved in the incident.  The court did, however, grant plaintiff's motion to drop as defendants the City of Sacramento and the Sacramento Police Department.

1  of action,[2] counsel for plaintiff represented to the court during
2  oral argument that plaintiff waived all but his <u>Monell</u> claim
3  (alleging a custom, policy and practice of excessive force at the
4  Sacramento County Jail).  Pending before the court are cross-
5  motions for summary judgement.  For the reasons set forth below,
6  the court denies in part and grants in part both motions.

7      Also pending before the court is plaintiff's notice of related
8  cases.  For the reasons set forth below, the court declines to
9  relate the cases.

10                              **I.**

11                            **FACTS**[3]

12      Plaintiff is a forty year old man.  He was born in Tehran,
13  Iran and moved to the United States when he was in his twenties.
14  He is a United States Citizen.  <u>See</u> Afshar Dep. at 8.

15      On June 7, 2003, at approximately 2:30 a.m. officers with the
16  City of Sacramento Police Department arrested plaintiff for being
17  in violation of California Penal Code § 647 (d).  Defs.' SUF 4.
18  ////

19  _____

20      [2]  These causes of action were: (1) violation of equal
    protection (pursuant to section 1983); (2) violation of substantive
21  due process (pursuant to section 1983); (3) False arrest/Excessive
    force (pursuant to section 1983); (4) Entity/Supervisory Liability
22  (pursuant to section 1983); (5) Negligent hiring, training,
    supervision and retention (California State Common Law);
23  (6) Negligence (California State Common Law); (7) Assault, battery,
    and conspiracy (California State Common Law); (8) Negligent
24  infliction of emotional distress (California State Common Law); and
    (9) Intentional Infliction of Emotional Distress (California State
25  Common Law).

26      [3]  These facts are undisputed unless otherwise noted.

1   The officers concluded that plaintiff was under the influence of
2   intoxicating liqueur or intoxicating liqueur in combination with
3   a drug or controlled substance and was unable to care for his own
4   safety.  Id.  After being arrested, plaintiff was searched and the
5   city officers found a zip-lock baggie containing a marihuana
6   smoking pipe and less than one ounce of marijuana.  Defs.' SUF 5.
7   Plaintiff was then transported to the Sacramento County Jail where
8   he was turned over to County jail employees for booking and
9   processing.  Defs.' SUF 6 & 7.

10       In his deposition, plaintiff states that he does not remember
11  what happened to him when he arrived at the jail.  He also does not
12  remember being booked or having an altercation with a deputy at the
13  jail.  Defs.' SUF 9-12.  Plaintiff did remember that at some point
14  an unidentified person made the comment, "where is your god now?"
15  and that he was in "total physical pain."  Defs.' SUF 12; Afshar
16  Dep. at 33.  Plaintiff maintains that his memory of the evening was
17  affected by the serious head injury he suffered while in the jail.
18  See Afshar Dep. at 28.

19       A jail surveillance video of plaintiff being patted down by
20  jail officers shows an officer pulling plaintiff back and pushing
21  him to the floor in a violent manner.  Plaintiff is then taken away
22  and a large pool of blood remains on the floor in the area where
23  plaintiff fell to the ground.  See Pl.'s Mot. for Summ. J., Ex. 7.

24       Officer Spaid testified in his deposition that he pushed
25  plaintiff to the floor because plaintiff was not being cooperative.
26  ////

1  Spaid stated that plaintiff was probably brought down to the floor
2  for any number of reasons, including the need to finish the search
3  or because plaintiff was a threat.  <u>See</u> Spaid Dep. at 37 & 44.
4  Spaid implied that plaintiff was drunk and had trouble controlling
5  his movements.  <u>Id</u>. at 41.  As plaintiff fell, he hit his head on
6  a wall and received a massive cut on his head.  <u>Id</u>. at 51-52.
7  Spaid called for a nurse.  <u>Id</u>.

8       Plaintiff testified in his deposition that he was seen by a
9  doctor at the VA Hospital after he was released from the jail that
10 night.  <u>See</u> Afshar Dep. at 33, 47.  A cat-scan and x-ray was
11 conducted at the hospital and he was diagnosed as having a
12 concussion.  <u>Id</u>. at 49.   Plaintiff also testified that he had a
13 vague memory of being taken to a separate hospital while he was
14 still in custody.  <u>Id</u>. at 51.[4]

15                              **II.**

16              **STANDARDS FOR SUMMARY JUDGMENT**

17      Summary judgment is appropriate when it is demonstrated that
18 there exists no genuine issue as to any material fact, and that the
19 moving party is entitled to judgment as a matter of law.  Fed. R.
20 Civ. P. 56(c); <u>See also</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144,
21 157 (1970); <u>Sicor Limited v. Cetus Corp</u>., 51 F.3d 848, 853 (9th
22 Cir. 1995).

23 ////

24 ////

25 ─────────────────────

26      [4]  The court notes that there had been no evidence tendered
    to the court as to the exact injuries sustained by plaintiff.

                                 4

1    Under summary judgment practice, the moving party

2         [A]lways bears the initial responsibility of
          informing the district court of the basis for
3         its motion, and identifying those portions of
          "the pleadings, depositions, answers to
4         interrogatories, and admissions on file,
          together with the affidavits, if any," which
5         it believes demonstrate the absence of a
          genuine issue of material fact.

6

7    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the

8    nonmoving party will bear the burden of proof at trial on a

9    dispositive issue, a summary judgment motion may properly be made

10   in reliance solely on the 'pleadings, depositions, answers to

11   interrogatories, and admissions on file.'"  Id.  Indeed, summary

12   judgment should be entered, after adequate time for discovery and

13   upon motion, against a party who fails to make a showing sufficient

14   to establish the existence of an element essential to that party's

15   case, and on which that party will bear the burden of proof at

16   trial.  See id. at 322.  "[A] complete failure of proof concerning

17   an essential element of the nonmoving party's case necessarily

18   renders all other facts immaterial."  Id.  In such a circumstance,

19   summary judgment should be granted, "so long as whatever is before

20   the district court demonstrates that the standard for entry of

21   summary judgment, as set forth in Rule 56(c), is satisfied."  Id.

22   at 323.

23       If the moving party meets its initial responsibility, the

24   burden then shifts to the opposing party to establish that a

25   genuine issue as to any material fact actually does exist.

26   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

5

1  586 (1986); See also First Nat'l Bank of Ariz. v. Cities Serv. Co.,

2  391 U.S. 253, 288-89 (1968); Sicor Limited, 51 F.3d at 853.

3      In attempting to establish the existence of this factual

4  dispute, the opposing party may not rely upon the denials of its

5  pleadings, but is required to tender evidence of specific facts in

6  the form of affidavits, and/or admissible discovery material, in

7  support of its contention that the dispute exists.  Fed. R. Civ.

8  P. 56(e); Matsushita, 475 U.S. at 586 n.11; See also First Nat'l

9  Bank, 391 U.S. at 289; Rand v. Rowland, 154 F.3d 952, 954 (9th Cir.

10  1998).  The opposing party must demonstrate that the fact in

11  contention is material, i.e., a fact that might affect the outcome

12  of the suit under the governing law, Anderson v. Liberty Lobby,

13  Inc., 477 U.S. 242, 248 (1986); Owens v. Local No. 169, Assoc. of

14  Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1992)

15  (quoting T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,

16  809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine,

17  i.e., the evidence is such that a reasonable jury could return a

18  verdict for the nonmoving party, Anderson, 477 U.S. 248-49; see

19  also Cline v. Industrial Maintenance Engineering & Contracting Co.,

20  200 F.3d 1223, 1228 (9th Cir. 1999).

21      In the endeavor to establish the existence of a factual

22  dispute, the opposing party need not establish a material issue of

23  fact conclusively in its favor.  It is sufficient that "the claimed

24  factual dispute be shown to require a jury or judge to  resolve the

25  parties' differing versions of the truth at trial."  First Nat'l

26  Bank, 391 U.S. at 290; See also T.W. Elec. Serv., 809 F.2d at 631.

Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); <u>see also</u> <u>International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.</u>, 752 F.2d 1401, 1405 (9th Cir. 1985).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Rule 56(c); <u>See also</u> <u>In re Citric Acid Litigation</u>, 191 F.3d 1090, 1093 (9th Cir. 1999).  The evidence of the opposing party is to be believed, <u>see</u> <u>Anderson</u>, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, <u>see</u> <u>Matsushita</u>, 475 U.S. at 587 (citing <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962) (<u>per</u> <u>curiam</u>)).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>See</u> <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"

7

1  Matsushita, 475 U.S. at 587 (citation omitted).

2  **III.**

3  **ANALYSIS**

4  **A.   42 U.S.C. § 1983**

5  Section 1983 requires a claimant to prove that a person acting

6  under color of state law committed an act that deprived plaintiff

7  of some right, privilege, or immunity protected by the Constitution

8  or federal law.  Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir.

9  1988).  Counties and their law enforcement departments are

10  "persons" within the meaning of the statute.  Monell v. Dept. of

11  Social Services of City of New York, 436 U.S. 658, 690 (1978); Shaw

12  v. State of California Dept of Alcoholic Beverage Control, 788 F.2d

13  600, 604 (9th Cir. 1986).

14  Municipal entities are subject to liability where "action

15  pursuant to official municipal policy of some nature cause[s] a

16  constitutional tort."  Monell, 436 U.S. at 691.  A direct causal

17  link between departmental policy or custom and the alleged

18  deprivation is therefore required.  City of Canton v. Harris, 489

19  U.S. 378, 385 (1989).

20  Plaintiff may establish municipal liability by proving that

21  the violation was committed pursuant to a formal departmental

22  policy or a "longstanding practice or custom which constitutes the

23  'standard operating procedure' of the local governmental entity."

24  Jett v. Dallas Independent School Dist., 491 U.S. 701, 737 (1989).

25  In the case at bar, plaintiff alleges that there was an

26  informal policy and practice of excessive force at the county jail.

8

1  In making this assertion, plaintiff relies heavily on the opinion

2  of his expert.[5]  Plaintiff's expert reviewed the video of plaintiff

3  being booked and taken to the floor, as well as depositions from

4  the officers at the scene.  The expert also relied on reports and

5  records from prior alleged incidents of excessive force at the

6  jail.  Based on these facts, the expert concluded that there was

7  an unwritten policy of excessive force.

8       Defendants, however, maintain that there is not an unwritten

9  policy of excessive force.  Defendants assert that the jail has a

10 written policy that governs the use of force, thereby contradicting

11 plaintiff's claim.

12      Based on the evidence tendered to the court, there remains a

13 triable issue of fact.  Specifically, the parties dispute the

14 existence of an informal policy condoning the use of excessive

15 force on jail inmates.  This dispute requires "a jury or judge to

16 resolve the parties' differing versions of the truth at trial."

17 First Nat'l Bank, 391 U.S. at 290.  For this reason, both

18 defendants' and plaintiff's motions for summary judgment are

19 DENIED.

20 ////

21 ////

22 ////

23

24      [5]  The court notes that the parties contested the
   admissibility of plaintiff's expert declaration.  Upon review of
25 defendants' objections and after a joint phone conference on the
   matter, the court finds that the testimony of plaintiff's expert,
26 Timothy Twomey, is admissible.

1 **B.    QUALIFIED IMMUNITY**

2        Plaintiff names Sheriff Lou Blanas as a defendant, both in his

3 individual and official capacities.  Defendants assert that Sheriff

4 Blanas is entitled to qualified immunity.  Plaintiff fails to

5 address this issue in either his opposition or reply brief.

6        **1.    <u>Official Capacity</u>**

7        "The Eleventh Amendment bars actions for damages against state

8 officials who are sued in their official capacities in federal

9 court." <u>Dittman v. California</u>,  191 F.3d 1020, 1026 (9th Cir.

10 1999).  To the extent plaintiff is suing defendant Blanas in his

11 official capacity, plaintiff's claim fails because his complaint

12 requests only damages.  <u>Id.</u>

13       **2.  <u>Personal Capacity Liability</u>**

14       The Supreme Court has explained that:

15       [W]hether an official protected by qualified immunity
         may be held personally liable for an allegedly unlawful
16       official action generally turns on the 'objective legal
         reasonableness' of the action, assessed in light of the
17       legal rules that were 'clearly established' at the time
         it was taken.
18

19 <u>Anderson v. Creighton</u>, 483 U.S. 635, 639 (1987).

20       Additionally, Blanas' individual liability hinges upon his

21 participation in the deprivation of constitutional rights. <u>Larez</u>

22 <u>v. City of Los Angeles</u>, 946 F.2d 630, 645 (9th Cir. 1991).

23 Unlike the involvement of a line officer, however, which ordinarily

24 is direct and personal, a supervisor's participation may involve

25 the setting in motion of acts which cause others to inflict

26 constitutional injury.  <u>Id</u>.(citing <u>Johnson v. Duffy</u>, 588 F.2d 740,

1    743-44 (9th Cir. 1978)).

2      Liability is imposed against a supervisor in his individual

3    capacity for his "own culpable action or inaction in the training,

4    supervision, or control of his subordinates," Clay v. Conlee, 815

5    F.2d 1164, 1170 (8th Cir. 1987), for his "'acquiesce [nce] in the

6    constitutional deprivations of which [the] complaint is made,'"

7    Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988), or for

8    conduct that showed a "'reckless or callous indifference to the

9    rights of others.'" Bordanaro v. McLeod, 871 F.2d 1151, 1163 (1st

10   Cir. 1989); see also Larez, 946 F.2d at 646.

11      In the case at bar, there is a dispute as to whether there was

12   a policy or practice in which officers used excessive force against

13   jail inmates.  If the fact finder accepts plaintiff's allegations

14   as true, then defendant Blanas could be liable in his individual

15   capacity for his "action or inaction in the training, supervision,

16   or control of his subordinates." Clay v. Conlee, 815 F.2d 1164,

17   1170 (8th Cir. 1987).

18      The facts are silent as to defendant Blanas' actions or

19   inactions and thus the fact finder would need to decide the extent

20   of Blanas' participation. See Larez, 946 F.2d at 646 (finding that

21   the district court correctly instructed the jury that it could find

22   supervisor liable in his individual capacity if he "set[ ] in

23   motion a series of acts by others, or knowingly refused to

24   terminate a series of acts by others, which he kn[e]w or reasonably

25   should [have] know[n], would cause others to inflict the

26   constitutional injury.")  The inquiry, however, does not end here.

1   Having determined that plaintiff's factual allegations, if
2   true, establish a constitutional violation, the court must evaluate
3   whether the law was clearly established such that a reasonable
4   officer, or in this case, supervisor, would have known that the
5   conduct was unlawful.  Motley v. Parks, 432 F.3d 1072, 1089 (9th
6   Cir. 2005).  In assessing the applicability of qualified immunity,
7   the contours of the asserted right must be "sufficiently clear that
8   a reasonable [supervisor] would understand that what he is doing
9   violates that right."  Id. (citing Camarillo v. McCarthy, 998 F.2d
10  638, 640 (9th Cir. 1993)).
11      It is well established that "[a]fter incarceration, only the
12  unnecessary and wanton infliction of pain ·. . . constitutes cruel
13  and unusual punishment."  Whitley v. Albers, 475 U.S. 312, 319
14  (1986).  If plaintiff's allegations are found true, then defendant
15  Blanas could be held liable.  The law at the time of the alleged
16  incident was well established that condoning a policy of excessive
17  force constitutes cruel and unusual punishment and a reasonable
18  supervisor would have known that this sort of policy or practice
19  was illegal.  See Motley, 432 F.3d at 1089.  Therefore, if a fact
20  finder concludes that defendant Blanas participated in condoning
21  a policy of excessive force, then defendant Blanas would be liable
22  and qualified immunity would not apply.
23      For these reasons, defendants' motion for summary judgement
24  as to defendant Blanas' liability in his official capacity is
25  GRANTED and defendants' motion for summary judgment as to
26  defendant Blanas' liability in his personal capacity is DENIED.

12

**C.    PLAINTIFF'S NOTICE OF RELATED CASES**

Also pending before the court is plaintiff's notice of related cases.  Plaintiff seeks to relate the above-captioned case with a class action.  The court has determined, however, that it is inappropriate to relate or reassign the cases, and therefore declines to do so.  This order is issued for informational purposes only, and shall have no effect on the status of the cases, including any previous Related (or Non-Related) Case Order of this court.

Accordingly, the court hereby ORDERS as follows:

1.   Defendants' and plaintiff's cross-motions for summary judgement as to the Monell claim are DENIED.

2.   Defendants' motion for summary judgement as to all other claims raised in plaintiff's complaint is GRANTED.

3.   Defendants' motion for summary judgement as to defendant Blanas' liability in his official capacity is GRANTED.

4.   Defendants' motion for summary judgement as to defendant Blanas' liability in his personal capacity is DENIED.

IT IS SO ORDERED.

DATED:  March 23, 2006.

        /s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

13