UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAFAR AFSHAR,

        Plaintiff,

    v.

CITY OF SACRAMENTO; SACRAMENTO
POLICE DEPARTMENT; COUNTY OF
SACRAMENTO; SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT; and SHERIFF
LOU BLANAS, individually and in his
official capacity as Sheriff of the
Sacramento County Sheriff's Department,

        Defendants.
_____/

NO. CIV. S-04-1088 LKK/JFM

O R D E R

Pending before the court are two motions: defendants' motion to strike plaintiff's supplemental disclosures and plaintiff's motion to amend the scheduling order to reopen discovery. For the reasons set forth herein, the court grants the motion to amend and denies the motion to strike.

////

////

////

////

1

**I.**

**PROCEDURAL BACKGROUND**[1]

The parties are both well aware of the motion practice in this case. Most recently, the court denied in part and granted in part cross-motions for summary judgment. Plaintiff's only remaining claim is a <u>Monell</u> claim against the County defendants.

Although the scheduling order specified that discovery was to be completed by September 4, 2005, plaintiff filed a notice of supplemental disclosures on April 12, 2006. Specifically, plaintiff sought notice of the following "newly discovered evidence": (1) a supplemental report by previously designated plaintiff expert, Timothy G. Twomey; (2) three additional expert witnesses;[2] (3) additional documents (which are in possession of defendants) on which the new experts and Twomey would rely;[3] and

////

////

---

[1] The parties are aware of the relevant underlying facts of the case and therefore, the court need not repeat the facts here.

[2] These witnesses are: Joseph Brann, Beverly Stein and Tom Melton. According to plaintiff, Brann and Stein coauthored the "Sheriff's Department Assessment Final Report February 2006." Melton, it appears, was a County employee, "who after 15 years on the force, made an admission against the County that "slapping" inmates was condoned." Pl.'s Mot. to Amend at 6:2-4.

[3] These documents are: (1) "Sheriff's Department Assessment Final Report February 2006 prepared by Joseph Brann & Associates, LLC the Public Strategies Group, Inc. and attachments thereto (2), the Sheriff's letter to Terry Shutten the County exec, regarding staffing problems at RCCC and overtime; (3) all audio and video released by the Sheriff's Department to the public, and published by the Sacramento Bee, found at . . . [web address provided]." Notice of Disclosure at 1:28-2:7.

2

(4) two additional lay witnesses.[4]

On April 20, 2006, defendants filed a motion to strike the supplemental disclosures. Defendants maintained that the disclosures clearly violated the scheduling order and that plaintiff never filed a motion to amend the scheduling order.

On May 16, 2006, plaintiff filed a motion to amend the scheduling order to re-open discovery as to the newly discovered evidence.

## II.

### STANDARDS

Because the court has filed a pretrial scheduling order, Federal Rule of Civil Procedure 16 governs the procedure for amending the pleadings. Rule 16 provides in part:

> (b) [The district court] . . . shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, . . . enter a scheduling order that limits the time, (1) to join other parties and to amend the pleadings; (2) to file and hear motions; and (3) to complete discovery.

Fed. R. Civ. P. 16(b) (2005); Johnson v. Mammoth Recreations, Inc., 975 F.3d 604 (9th Cir. 1992).

Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if

---

[4] These additional witnesses are Sgt. Donald Black and Sgt. Craig Hill.

it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990); Amcast Indus. Corp. v. Detrex Corp., 132 F.R.D. 213, 217 (N.D. Ind. 1990); 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Cf. Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (same), cert. denied, 405 U.S. 974 (1972).  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  See Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me. 1985).  If the moving party was not diligent, the inquiry should end.

**III.**

**ANALYSIS**

**A.   DILIGENCE**

In interpreting the "good cause" requirement under Fed. R. Civ. P 16(b), the court considers, primarily, "the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations,

4

1  Inc., 975 F.2d 604, 609 (9th Cir. 1992).  In the case at bar, it
2  appears that plaintiff was diligent.
3      Plaintiff seeks to reopen discovery so that he may obtain
4  certain documents that are in possession of the defendants and that
5  were not in existence at the time of discovery.  It also appears
6  that plaintiff seeks to depose several people whose names were not
7  known to plaintiff prior to the close of discovery.  Plaintiff's
8  counsel maintains that he learned of these documents and people
9  after reading articles in the Sacramento Bee. These articles
10 appeared in spring of 2006, well after the close of discovery.
11 Specifically, plaintiff cites to the following Sacramento Bee
12 articles:
13      (1) **February 23, 2006**: Article discussed a special audit of
14 the Sacramento County Jail conducted by Joseph Brann and Beverly
15 Stein.  The article noted that the audit would not be released to
16 the public until June of 2006.
17      (2) **Follow up articles post-February 23, 2006**: After the
18 article on the Audit, follow up articles mentioned the following
19 people: Joseph Brann, Beverly Stein, Sgt. Donald Black, and Sgt.
20 Craig Hill.
21      (3) **March 8, 2006**: Article discussed a letter written by
22 Sheriff Lou Blanas to Terry Shutten, the County Executive, in which
23 Blanas states that the RCCC was a powder keg waiting to explode due
24 to staffing shortages.
25      (4) **April 9, 2006**: Article revealed that deputy Tom Melton
26 was placed on administrative leave for allegedly striking a

5

1  handcuffed inmate.  Melton told the Sacramento Bee reporter that
2  violence against inmates was condoned at the jail.
3      These articles all reflect ongoing investigations into
4  problems at the County jail.  These investigations may lead to
5  relevant evidence regarding plaintiff's Monell claim, specifically,
6  whether there is a pattern and practice of jail officials using
7  excessive force against inmates.
8      These investigations were not known to the public until after
9  the close of discovery.  Plaintiff, therefor, had no way of knowing
10 to request these documents or request to depose these people.
11 Given that the new names and documents were not known to plaintiff
12 until recently, the discovery deadline could not "reasonably be met
13 despite the diligence of the party seeking the extension."  Fed.
14 R. Civ. P. 16 Advisory Committee's Notes (1983 amendment).
15 Plaintiff filed the motion to amend soon after he read the articles
16 in the Sacramento Bee.  For this reason, the court finds that
17 plaintiff was diligent.

**B.   POTENTIAL PREJUDICE TO DEFENDANTS**

19      As a secondary consideration, the court considers the degree
20 of prejudice to the opposing party if the scheduling order were
21 amended.  Johnson, 975 F.2d at 609.
22      Defendants maintain that if discovery is reopened, trial will
23 be delayed and defendants will need to find experts of their own
24 to rebut whatever plaintiff's expert may conclude.
25      Given that the information plaintiff seeks is in the
26 possession of defendants, turning over certain documents and

6

arranging the depositions of certain jail employees does not seem prejudicial to defendants.  Moreover, no trial date has been set. The only date that would be disturbed should discovery be reopened is the date for the Pretrial Conference (currently scheduled for July 10, 2006).  For these reasons, the court finds that the prejudice to defendants is minimal and the motion to amend must be granted.[5]

Given that the court is re-opening discovery on a limited basis, the motion to strike is moot and must be denied.

For the forgoing reasons, the court orders as follows:

1.  Defendants' motion to strike is DENIED.

2.  Plaintiff's motion to amend the scheduling order is GRANTED.

3.  All dates heretofore set are VACATED and the following dates are SET:

   a.  Exchange and filing of expert reports:  October 13, 2006;
   b.  Discovery cut off: December 12, 2006;
   c.  All discovery motions to be set on the magistrate judge's calendar to be heard not later than November 13, 2006;
   d.  Law and Motion cut off:   March 12, 2007;
   e.  Pretrial Conference:  June 11, 2007 at 2:00 p.m.
   f.  Trial: September 11, 2007 at 10:30 a.m. in Courtroom No. 4.

---

[5] The court cautions plaintiff that it will not entertain a motion to re-open discovery after the close of the discovery deadline set in this order.

7

1    The trial will be before a jury and the parties estimate in
2 good faith that the trial will last approximately ten (10) days.
3    IT IS SO ORDERED.
4    DATED: June 13, 2006.

                                  LAWRENCE K. KARLTON
                                  SENIOR JUDGE
                                  UNITED STATES DISTRICT COURT