UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAFAR AFSHAR,

        Plaintiff,

    v.

CITY OF SACRAMENTO; SACRAMENTO
POLICE DEPARTMENT; COUNTY OF
SACRAMENTO; SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT; and SHERIFF
LOU BLANAS, individually and in his
official capacity as Sheriff of the
Sacramento County Sheriff's Department,

        Defendants.
_____/

NO. CIV. S-04-1088 LKK/JFM

O R D E R

    Pending on the August 7, 2006 law and motion calendar is defendants' motion to alter or amend the court's June 13, 2006 order in the above-captioned case. The court is in receipt of plaintiff's opposition to the motion. The court decides the matter based on the papers filed herein and without oral argument.

    On June 13, 2006, the court granted plaintiff's motion to amend the scheduling order to re-open the discovery. The court re-opened discovery on the grounds that there were certain documents and information in possession of defendants and that this

1

information was not in existence at the time of discovery.  It also appeared to the court that plaintiff sought to "depose several people whose names were not known to plaintiff prior to the close of discovery."  June 13, 2006 Order at 5:6-7.  Plaintiff's counsel maintained that he learned of these documents and people after reading several recent articles in the Sacramento Bee.  Id. at 5:12.  This evidence is relevant to plaintiff's Monell claim.  Id. at 6:5.  In its order, the court explained that it was re-opening discovery on a limited basis.  Id. at 7:8-9.  Defendants seek clarification as to the meaning of "limited."  Given the subsequent developments in the case, the court sees the need for clarification.

On June 22, 2006, plaintiff served what appears to be 68 separate requests for production on defendants.  See Pl.'s Request for Production, Ex. B of Dec. of Robert Chalfant.  Defendants maintain that there were 125 such requests[1] and of those, "only 19 (see Requests 1, 3, 51, 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 68 and 60) actually relate to the supplemental disclosure filed by plaintiff, and that plaintiff sought reopen discovery as to."  Defs.' Mot. to Alt. at 4:2-5.  Defendants ask the court to clarify its June 13, 2006 order and limit the discovery to only the information that was revealed after the close of discovery.

////

---

[1] Although defendants count 125 requests, the court's review of the same document reveals only 68.  This discrepancy, however, is inconsequential.

1	The court has reviewed the 68 requests and agrees with defendants that only a handful of these requests pertain to the information identified by plaintiff as being "new." Indeed, many of the requests relate to information that was in existence at the time of discovery. The court therefore clarifies its previous order. The June 13, 2006 order is hereby AMENDED to include the following language:

	1.	Discovery shall be limited to the people and documents identified by plaintiff in plaintiff's notice of supplemental disclosures filed on April 12, 2006 and in plaintiff's motion to amend the scheduling order filed on May 16, 2006.

	2.	Disputes as to discovery shall be taken up before the magistrate judge assigned to the case.

	IT IS SO ORDERED.

	DATED: July 25, 2006.

			_____
			LAWRENCE K. KARLTON
			SENIOR JUDGE
			UNITED STATES DISTRICT COURT

3