IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAFAR AFSHAR,

     Plaintiff,                      No. CIV S-04-1088 LKK JFM

     vs.

CITY OF SACRAMENTO, et al.,

     Defendants.               <u>ORDER</u>

_____/

        Plaintiff's August 28, 2006 motion to compel came on regularly for hearing September 7, 2006. Gary W. Gorski appeared for plaintiff. Robert L. Chalfant appeared for County defendants. Upon review of the motions and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT MADE THE FOLLOWING FINDINGS AND ORDERS AND ANNOUNCED THE SCHEDULING PORTIONS TO COUNSEL:

        1. Plaintiff's August 28, 2006 motion to compel the deposition of Lou Blanas is denied;

        2. Plaintiff's August 28, 2006 motion for authorization to propound 25 additional interrogatories and for additional time to depose a person most knowledgeable (PMK) from Sacramento County for four hours is granted. These interrogatories and PMK shall not exceed

1

the scope of the district court's order, issued July 26, 2006 extending discovery for limited purposes. Plaintiff shall serve the additional interrogatories and the notice of the PMK deposition on the court and on defense counsel by electronic filing before the close of business on Monday, September 11, 2006. If there are objections to the interrogatories or to the notice of the PMK deposition, defense counsel shall state those objections in an electronic filing with the court by 4:00 p.m. on September 13, 2006. If there is a dispute concerning either of these matters, counsel shall file a document similar to the stipulation required by Local Rule 37-251, no later than 4:00 p.m. on September 15, 2006. The court will issue a ruling based on that stipulation, probably without further hearing.

3. Plaintiff's August 28, 2006 motion to compel further responses concerning Internal Affairs investigative documents for Robert Hunter, Donny Black and Tom Melton, including documents provided to the Sacramento County District Attorney's office with regard to the December 1, 2005 incident at the Sacramento County Jail, is granted. Defendants shall produce all Internal Affairs investigative documents by close of business on September 18, 2006, with a verified response that they are the documents that defendant has produced after a diligent search. Said production is subject to the protective order set forth below.

4. Plaintiff's motion to compel further responses to Request No. 1 is granted. It appears, however, that defendants may have already produced all documents available to them or under their control after performing a diligent search. If so, they should say so in a verified response. If defendants produce further documents to comply with the representation made in the discovery stipulation, those documents shall be subject to the protective order set forth below.

5. Plaintiff's motion to compel further responses to Request No. 2 is granted; defendants shall produce all Branden Johnson video footage in their possession, subject to the protective order set forth below.

6. Plaintiff's motion to compel further response to Request No. 13 is denied.

/////

1       7.  Plaintiff's motion to compel further production responsive to Request No. 15
2  is granted.  It appears, however, that defendants may have already produced all documents
3  available to them or under their control after performing a diligent search.  If so, they should say
4  so in a verified response.  If defendants produce further documents to comply with the
5  representation made in the discovery stipulation, those documents shall be subject to the
6  protective order set forth below.

7       8.  Plaintiff's motion to compel further responses to Request No. 54 is denied.

8       9.  Plaintiff's motion to compel further production responsive to Request No. 55
9  is granted.  Defendants shall produce all video that is available of Branden Johnson at the
10 Sacramento County Jail, subject to the protective order set forth below.

11      10.  Plaintiff's motion to compel further responses to Request No. 63 is denied.

12      11.  Plaintiff's motion to compel further production to Requests Nos. 64, 66 & 67
13 is denied.

14      12.  The following protective order shall apply to all documents produced by
15 defendants pursuant to this order:

16           a.  Defendants may designate a document produced pursuant to this order
17 as confidential.

18           b.  Documents, and any copies thereof, designated as "CONFIDENTIAL"
19       are subject to the following restrictions:

20                i.  Such documents shall be used solely for the purposes of this
21           proceeding and any judicial review proceeding therefrom, not for any other
22           business, commercial or competitive purpose.

23                ii.  Such documents may be disclosed only to employees, counsel
24           or outside expert consultants of the party requesting such materials who
25           have a need to know, handle or review the material for the purposes of this
26           proceeding and any judicial review therefrom.

      iii.  Such documents must be either destroyed by the requesting party, or returned to the producing party upon completion of this proceeding and any judicial review arising therefrom.  However, outside counsel (but not outside consultants) for a party are permitted to retain file copies of all pleadings and evidence submitted to either the trial court or other reviewing court.

      iv.  If confidential materials are submitted with any pleading, the party so doing shall file the documents in a manner consistent with the procedures of the trial or any reviewing court, whether under seal or otherwise, to insure maximum protection from disclosure.  If allowed by the court receiving the documents, they shall be placed in a separate envelope or package and clearly marked on the outside of the documents "Confidential Materials Subject to Protective Order."

  c.  The terms of this order are binding upon the parties, their employees and outside expert consultants whether or not such consultants are formally designated as experts.  Neither party shall provide copies of documents designated as "CONFIDENTIAL" to any outside expert consultant without first providing the outside expert consultant with a copy of this order.

DATED:  September 11, 2006.

            _____
            UNITED STATES MAGISTRATE JUDGE

/001; afshar.mtc3