IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAFAR AFSHAR,

        Plaintiff,                      No. CIV S-04-1088 LKK JFM

    vs.

CITY OF SACRAMENTO, et al.,

        Defendants.            <u>ORDER</u>

                                    /

        On November 29, 2006, defendants' motion to compel rule 26 disclosures from plaintiff and a request for expenses were granted. On December 1, 2006, plaintiff filed a motion for reconsideration. On January 11, 2007, defendants filed an opposition. Said motion is presently calendared for hearing on January 25, 2007. Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument.

        Plaintiff contends that he believed he had informally resolved the discovery disputes underlying the November 3, 2006 motion by speaking with defense counsel by phone on October 31, 2006, and argues that defense counsel's statement "Thank you for your assistance in resolving these expert witness issues without the need of resorting to further motion practice," contained in defense counsel's October 31, 2006 letter, supports his position. Plaintiff objects that had defendants prepared and emailed a 251 stipulation to plaintiff, this motion would have been resolved without court intervention.

        Substantively, plaintiff complains that he is unable to comply with the court's November 29, 2006 order because the expert witness has not testified as an expert during the last

1

1  four years.  Plaintiff contends that counsel for defendants was made aware of this fact during
2  their October 31, 2006 telephone conference.  Thus, plaintiff maintains that the previously
3  provided expert witness report is complete and cannot be amended to include information that
4  does not exist.  This issue has now been resolved (see below) and needs no further elaboration.
5          Finally, plaintiff states that he "had no idea Mr. Chalfant was proceeding with the
6  motion without at least attempting to prepare a 251 stipulation.  As far as Mr. Gorski was
7  concerned, the motion was going to be taken off calendar for failure to file a 251 stipulation."
8  (Gorski Decl. at 3.)
9          A review of defense counsel's November 27, 2006 declaration reflects that on
10 November 1, 2006, defense counsel emailed plaintiff's counsel:

> Gary, I reviewed Twomey's expert report, as you had stated that he
> listed every case he has testified in the last four years.  That
> information does not exist in his report.  I notified you of this on
> October 20th, and I need it before his deposition.  Please advise
> whether Twomey is going to amend his report as required or
> whether I will need to bring a motion.  Thanks

(Id., Ex. A.)  On November 16, 2006, defense counsel emailed plaintiff's counsel again:

> Gary, I have tried to leave voicemail messages but your inbox is
> always full.  Could you please contact me when you get a chance,
> Its about the pending discovery motion.  Still hoping we can
> resolve it informally, thanks, Robert.

(Id., Ex. B.)  These emails were in addition to attempts to contact plaintiff by phone, by mail via the U.S. Postal Service and by facsimile.  (Chalfant Decl. at 2.)

Local Rule 251(d) addresses the failure to meet or obtain a joint statement:

> If counsel for the moving party is unable, after a good faith effort,
> to secure the cooperation of counsel for the opposing party in
> arranging the required conference, or in preparing and executing
> the required joint statement, counsel for the moving party may file
> and serve an affidavit so stating, setting forth the nature and extent
> of counsel's efforts to arrange the required conference or procure
> the required joint statement, the opposing counsel's responses or
> refusals to respond to those efforts, the issues to be determined at
> the hearing, and the moving party's contentions with regard to the

1 2 3 4

> issues, including any briefing in respect thereto. Refusal of any counsel to participate in a discovery conference, or refusal without good cause to execute the joint statement, shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel. See L.R. 11-110.

Local Rule 37-251(d). Defense counsel's email of November 1, 2006, makes clear that defendants misunderstood plaintiff's representation concerning the expert's testimony during the last four years. This email refutes plaintiff's contention that he had "no idea" defense counsel was proceeding with the motion and put counsel on notice concerning defendants' misunderstanding of plaintiff's position; defendants' motion to compel was not filed until November 3, 2006. Indeed, plaintiff's counsel states he had "no problem communicating with opposing counsel to get TWO 251 stipulations filed even though Mr. Gorski was out of town visiting his very sick father." (Gorski Decl. at 8.) Mr. Gorski fails to explain his lack of response to defense counsel's emails of November 1 and 18, other than to complain that no proposed 251 stipulation was emailed. While Mr. Gorski argues that this motion would have resolved had Mr. Chalfant emailed a proposed 251 stipulation to Mr. Gorski, the motion would also have resolved had Mr. Gorski responded to Mr. Chalfant's efforts to contact him, in particular by responding to the November 1, 2006 email which makes clear counsel's misunderstanding of Mr. Gorski's position.

Finally, Mr. Gorski is advised that Local Rule 37-251 contemplates the cooperation of all counsel, not just counsel for the moving party. The record before the court on November 29, 2006, only one day prior to the scheduled hearing, reflected no opposition by plaintiff and no response to defendants' counsel's multiple efforts to contact plaintiff's counsel. Local Rule 37-251 does not contemplate allowing counsel to show up at the hearing to state his position after failing to communicate with opposing counsel. Moreover, plaintiff was free to contact the court directly to seek an extension of time, particularly in light of his father's illness, but rather chose to assume the motion would be dropped for lack of a 251 stipulation.

1  In their opposition, defendants argue that plaintiff's motion is now moot because after the court issued its November 29, 2006 order, plaintiff filed a declaration from Mr. Twomey stating that he has not testified as an expert within the last four years. (Docket No. 155.) In addition, defendants note Mr. Twomey was subsequently deposed at which time he confirmed that he has not testified as an expert within the relevant time period.

The court finds that plaintiff has not demonstrated new or different facts sufficient to warrant reconsideration. Plaintiff's motion for reconsideration will be denied.

Defendants also seek $500.00 in sanctions for plaintiff's failure to meet and confer in good faith, failure to file an opposition to the original motion and for filing a motion for reconsideration when the underlying substance of the motion has been rendered moot. The court will not impose sanctions at this time, particularly in light of the previous award of expenses, but cautions plaintiff that future failure to comply with the provisions of Local Rule 37-251 will result in an imposition of sanctions.

Accordingly, THE COURT ORDERS AS FOLLOWS:

1. Plaintiff's December 1, 2006 motion for reconsideration is denied.

2. The January 25, 2007 hearing date is vacated.

3. Defendants' January 11, 2007 request for sanctions is denied.

DATED: January 16, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; afshar.rec2