UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAFAR AFSHAR,

        Plaintiff,

    v.

CITY OF SACRAMENTO; SACRAMENTO POLICE DEPARTMENT; COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; and SHERIFF LOU BLANAS, individually and in his official capacity as Sheriff of the Sacramento County Sheriff's Department,

        Defendants.

NO. CIV. S-04-1088 LKK/JFM

O R D E R

Plaintiff, Jafar Afshar, brings suit pursuant to 42 U.S.C. § 1983 and Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978) against the County of Sacramento ("defendant"). Plaintiff alleges that he was assaulted by officers while in custody at the Sacramento County Jail.[1] Pending before the court is defendant's motion to bifurcate the trial. For the foregoing reasons the court finds that

---

[1] Plaintiff's other claims have previously been adjudicated through law and motion. The Monell claim is Plaintiff's only remaining claim.

1

bifurcation is not appropriate in this case. The court decides the matter based on the papers and after oral argument.

## I.

## Standards

Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate a trial. Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). Federal Rule of Civil Procedure 42(b) provides in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue. . . .

The issue of whether to bifurcate is guided by consideration of several factors: (1) whether separation of the issues for trial will expedite disposition of the action; (2) whether such separation will conserve trial time and other judicial resources; (3) whether such separation will avoid prejudice; and (4) whether the issues are essentially independent of each other so that there will be no need to duplicate the presentation of significant areas of the evidence in the separated proceedings. McKellar v. Clark Equip. Co., 101 F.R.D. 93, 94 (D. Me. 1984). "Absent some experience demonstrating the worth of bifurcation, 'separation of issues for trial is not to be routinely ordered.'" Hamm v. American Home Products Corp., 888 F.Supp. 1037, 1039 (E.D. Cal.

1995)(citing Advisory Committee Notes to the 1966 Amendment to Fed. R. Civ. P. 42(b)).

## II.

## Analysis

Defendant moves to bifurcate the trial.  Specifically, defendant requests that the issue of whether plaintiff suffered a constitutional injury be adjudicated first.  If a jury finds that there was a constitutional injury, the second phase of the trial would address the issue of whether the injury resulted from an official government policy or custom.

Defendant has failed to meet its burden of demonstrating that bifurcation is warranted.  It is clear that evidence regarding the constitutional injury is relevant to the question of whether there is a policy or custom of abuse.  For instance, proof of a constitutional violation might (although not necessarily) be probative of official government policy. Moreover, bifurcating the trial as suggested by defendant would require the repetition of both lay and expert witness testimony.  Defendant's seven page brief fails to explain how having a single trial would prejudice the County or might confuse the jury.

A close examination of the cases cited to by defendant do not support bifurcation.  For example, defendant cites to General Patent Corporation v. Hayes Microcomputer, (C.D. Cal. 1997) 1997 U.S. Dist. LEXIS 21342.  That case had multiple defendants with a common interest in the issues regarding the

3

1  validity and enforceability of a patent.  The issue of
2  damages, however, was specific and unique to each individual
3  infringer.  The trial was bifurcated so that the common issues
4  could be tried together and the issue of individual damages
5  could be tried in the second phase of the trial.  In the case
6  at bar, there are no individual defendants and therefore,
7  convenience to individual defendants is not a concern.

8      The other cases cited to by defendant are similarly
9  distinguishable.  For example, in Quintilla v. City of Downey,
10 the district court bifurcated the trial of the individual
11 police officers from the government entities.  "The
12 bifurcation enabled the [district] court to separate the
13 questions regarding the constitutionality of the three
14 officers' actions from the questions regarding the Chief and
15 city's liability under Monell." 84 F.3d 353, 356 (9th Cir.
16 1996).  The district court was concerned not only about
17 economy, but also potential prejudice to the individual
18 officers.  Id.

19     Generally, when district courts bifurcate § 1983 trials
20 it is to hear claims against individual officers first, before
21 turning to Monell claims against government entities.  See,
22 e.g., Santos v. Gates, 287 F.3d 846, 851 (9th Cir. 2002);
23 Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 518 (9th Cir.
24 1999).  In the case at bar, however, the Monell claim is the
25 only claim at issue and the County is the only named
26 defendant.  There are no individual officers and thus,

4

concerns of prejudice and confusion are minimal.

Defendant is correct that a public entity is not liable for § 1983 damages unless a fact finder concludes that an individual officer, acting pursuant to policy, inflicted constitutional harm. See City of Los Angeles v. Heller, 475 U.S. 796 (1986)(per curiam). As the Supreme Court explained in Heller:

> [i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.

475 U.S. at 799. This general principal does not, without more, justify bifurcation. Indeed, there are less burdensome ways to deal with potentially prejudicial and confusing evidence than bifurcating the trial. Concerns about potential prejudice to the defendant may be directly addressed with appropriate limiting instructions. The court may also use a special verdict form which would instruct the jury to determine the question of injury before determining the question of policies or customs.

In short, this case involves one claim against one defendant. This is not a case in which there are claims against several individual government officials as well as separate Monell claims against governmental entities. Contrary to defendant's assertion, separate trials in this case would not be efficient and would inconvenience the court, the jury, and the plaintiff. Accordingly, defendant's motion

5

1  must be DENIED.

## III.

## Conclusion

Defendant's motion to bifurcate is DENIED.

IT IS SO ORDERED.

DATED: March 14, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT